(41 App. Div. 12.)

### PEOPLE v. CHASE.

(Supreme Court, Appellate Division, Third Department. May 19, 1899.)

1. INTOXICATING LIQUORS—ILLEGAL SALE—COURTS—JURISDICTION.
    Laws 1896, c. 112, as amended by Laws 1897, c. 312, § 34, subd. 5, regulating the sale of intoxicating liquor, provides that any violation of the act for which no penalty is prescribed shall be a misdemeanor. Section 35, subd. 2, provides that the courts of special sessions shall have exclusive jurisdiction of complaints for violations of the act amounting to misdemeanors. *Held*, that a violation of section 31, subd. G, which prohibits the opening of any room in which liquors are kept for sale, during the hours when the sale of liquors is prohibited, but providing no punishment for the offense, is a misdemeanor, of which the county court has no jurisdiction.

2. SAME—CONSTRUCTION OF STATUTE.
    A violation of Laws 1896, § 31, subd. G, as amended by Laws 1897, c. 312, prohibiting the opening of any door to a room in which liquors are

kept for sale during the hours when the sale of such liquors is prohibited, is not a trafficking in liquors, within that provision of the act making the unlawful trafficking in liquors a felony.

Appeal from Schenectady county court.

George W. Chase was indicted for the illegal sale of intoxicating liquors. From a judgment sustaining the defendant's demurrer to the indictment upon the ground that the same did not state facts constituting a crime, and that the county court had no jurisdiction of the subject-matter thereof, the people appeal. The objection to the jurisdiction was also taken by motion to dismiss after a plea of not guilty. The motion was denied, and the plea of not guilty was withdrawn, and the demurrer interposed, which was sustained. Affirmed.

The indictment is in the following words:

"County Court of the County of Schenectady.

"The People of the State of New York against George W. Chase.

"The grand jury of the county of Schenectady, by this indictment, accuse George W. Chase of the crime of violating section 31, subdivision G, Laws 1896, as amended by Chap. 312, Laws 1897, committed as follows: The said George W. Chase, on the 24th day of July, 1898, at the town of Duanesburgh, in this Schenectady county, being the first day of the week, commonly called 'Sunday,' between the hours of 3 o'clock p. m. and 8 o'clock p. m., on the said 24th day of July, 1898, unlawfully and willfully, and with unlawful and willful intent, at the hotel or saloon known as the 'American Hotel,' in the village of Quaker Street, this county, of which hotel said George W. Chase was proprietor, did unlawfully and knowingly, and with unlawful and willful intent, and without authority or license therefor, have open and unlocked the door or entrance from the street, highway, yard, hallway, room, or adjoining rooms where liquors are sold, or kept for sale, during the hours when the sale of liquors was forbidden, and by admitting to such room or rooms persons not members of his family, for purposes forbidden by such statute in such case made and provided.

"Wm. W. Wemple, District Attorney of the County of Schenectady."

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

W. W. Wemple, Dist. Atty., for the People.
Walter Briggs, for respondent.

LANDON, J. The indictment was intended to be framed under subdivision G of section 31 of the liquor tax law (Laws 1896, c. 112), as amended by chapter 312, Laws 1897, which provides that it shall not be lawful for any person "to have open or unlocked any door or entrance from the street, alley, yard, hallway, room, or adjoining premises, to the room or rooms where any liquors are sold or kept for sale, during the hours when the sale of liquors is forbidden, except," etc. The objection that the indictment does not state facts constituting a crime rests mainly upon the fact that it is not clearly stated therein that the door which the defendant is charged with having open or unlocked is "from" any one of the specified places "to" the room or rooms where liquors were sold or kept for sale.

We pass this question, and come to the graver question which the defendant presented by demurrer, and also under the plea of not guilty, that the county court had no jurisdiction of the subject-matter.

The county court sustained this objection under the demurrer, instead of under the plea of not guilty; and as the learned district attorney takes no objection upon that ground, but desires to have the question of jurisdiction decided, we proceed to its examination.

The jurisdiction of the county court is challenged under subdivision 2 of section 35 of the act, as amended by chapter 312, Laws 1897, which provides: "Courts of special sessions shall have exclusive jurisdiction to try and determine according to law, all complaints for violations of sections 40 and 41 of this act, and also all violations of the liquor tax law defined by subdivision 5 of section 34 as a misdemeanor." Subdivision 5 of section 34 declares: "Any willful violation by any person of any provision of this act for which no punishment or penalty is otherwise provided shall be a misdemeanor." Subdivision 1 of section 35 provides that, "except as otherwise provided by this act, all proceedings instituted for the punishment of any violations of the provisions of this act, the penalties for which are prescribed in subdivisions 1, 2, 3, or 4 of section 34, shall be prosecuted by indictment by the grand jury of the county in which the crime was committed, and by trial in a court of record having jurisdiction for the trial of crimes of the grade of felony," except that a magistrate shall have jurisdiction of the preliminary proceedings resulting in the arrest, examination, bail, commitment, or discharge of the accused. Subdivisions 1, 2, 3, and 4 of section 34 prescribe specific punishment upon conviction for various violations therein forbidden. Subdivision 2 provides that "any corporation, association, copartnership, or person * * * who shall violate the provisions of this act by trafficking in liquors contrary to the provisions of sections 11, 22, 23, 24, 30, or 31, shall be guilty of a misdemeanor, and upon conviction therefor shall be punished by a fine of not more than five hundred dollars or by imprisonment," etc. We do not think that the act of keeping a door open or unlocked prohibited in subdivision G of section 31 is trafficking in liquor, within the meaning of the act. "Trafficking in liquor" is defined in section 2 of the act, as amended in 1897, as embracing various kinds of sale and distribution of liquor, as follows:

"Trafficking in liquor, within the meaning of this act, is: (1) A sale of less than five gallons of liquor; or, (2) a sale of five wine gallons or more of liquor, in which less than five gallons of any one kind and quality is included; or, (3) a sale of five wine gallons or more of liquor, any portion of which is intended or permitted to be drunk on the premises where sold; or, (4) a sale of five wine gallons or more of liquor, when the liquor so sold is delivered or agreed to be delivered in a less quantity than five wine gallons at one time; or, (5) the distribution of liquor by, between or on behalf of members of a corporation, association, or co-partnership to a member thereof or to others in quantities less than five gallons."

Section 11 prescribes the taxes imposed upon the business of trafficking in liquors, specifying it as "upon the business of trafficking in liquors to be drunk upon the premises where sold" (subdivision 1); "in quantities less than five wine gallons, no part of which shall be drunk on the premises" (subdivision 2); "by a duly-licensed pharmacist" (subdivision 3); "upon any car, steamboat, or vessel" (subdivision 4). Section 22 imposes "restrictions upon the traffic in liquors in connection with other business." Section 23 enumerates

"persons who shall not traffic in liquors." Section 24 enumerates places "in which traffic in liquor shall not be permitted." Section 30 enumerates "persons to whom liquor shall not be sold or given." Section 31 prohibits the sale of liquor except under the license and terms and conditions specified in the act, and then makes it unlawful to sell, offer, or expose for sale, or give away, any liquor on Sunday, within specified hours, on specified days, within certain places, and within certain other places, and adulterated liquors, and to certain persons. Thus, the various methods of trafficking in liquor are catalogued,— those which are permissible, if licensed, as well as those which are absolutely forbidden, and those whose permissibility or prohibition depends upon time, place, circumstance, or persons. Then follows subdivision G, upon which this indictment is based. This is not a specification of some kind of traffic in liquor, like the previous provisions and like some following it, but a regulation of the place or room or rooms where "the liquors are sold or kept for sale during the hours when the sale of liquors is forbidden." Manifestly, it was the intent of the legislature to punish, not only the prohibited traffic in liquors, but in addition, and as an aid to the suppression of such prohibited traffic, to prohibit certain acts which would, if permitted, lead to the violation of the prohibition of the traffic itself; somewhat in the nature of acts prohibiting the carrying of concealed weapons,— the carrying is no offense per se, but, if not carried, the weapons will not so often become the means of offense. The keeping of the door of a saloon open or unlocked opens the door to the traffic, but is not the traffic itself. The opportunity for offense is prohibited, in order to make the prohibition of the offense itself more effective. It may or may not be intended as an offer to traffic, and therefore we cannot, in a criminal case, in the absence of further statement, hold that it is a charge of an offer to traffic in liquors or to sell them. The punishment of the unlawful traffic is, as a general rule, specified,—perhaps it is in all cases, we are not now called upon to look for omitted cases, —and prosecution by indictment is prescribed. The punishment of the particular collateral offense specified in subdivision G of section 31 is not particularly prescribed, and therefore it is one of the misdemeanors mentioned in subdivision 5 of section 34, and hence within the exclusive jurisdiction of courts of special sessions, as provided in subdivision 2 of section 35.

The judgment of the county court is affirmed. All concur.